UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


CLARK CAPITAL MANAGEMENT,

        Plaintiff,

    v.                                        C.A. No. 14-182-ML

NAVIGATOR INVESTMENTS, LLC,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's, Clark Capital Management ("Plaintiff"),

motion to dismiss Defendant's, Navigator Investments, LLC ("Defendant"), counterclaim

pursuant to Fed. R. Civ. P. 12(b)(6).

I. Background

Plaintiff brings this action against Defendant, alleging, among other things, that

Defendant, through its use of the designation "NAVIGATOR INVESTMENTS," infringed upon

Plaintiff's rights in its "NAVIGATOR" family of trademarks.  Defendant asserts two

counterclaims: (1) cancellation of Plaintiff's Registration No. 3,970,349 for "NAVIGATOR" on

the basis of fraud, and (2) declaratory relief pursuant to 28 U.S.C. § 2201.  At a hearing on the

motion to dismiss, the Court granted Plaintiff's motion on the declaratory relief counterclaim but

allowed Defendant leave to amend.  The Court took the cancellation counterclaim under

advisement.  Having reviewed the counterclaim as pled and the pertinent case law, the Court

concludes that Defendant has not pled sufficient facts to survive Plaintiff's motion to dismiss the

cancellation counterclaim.

## II. <u>Standard of Review</u>

Courts apply the same standard to motions to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) as they do when reviewing motions to dismiss a complaint. <u>Lexington Luminance LLC v. Osram Sylvania Inc.</u>, 972 F. Supp. 2d 88 (D. Mass. 2013). The only issue for the Court to decide in a 12(b)(6) motion to dismiss is "whether, construing the well-pleaded facts of the [counterclaim] in the light most favorable to the [pleader], the [counterclaim] states a claim for which relief can be granted." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 7 (1st Cir. 2011). In order to withstand a motion to dismiss, a counterclaim "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." <u>Katz v. Pershing, LLC</u>, 672 F.3d 64, 72-73 (1st Cir. 2012) (internal quotation marks omitted). The pleader is required to "include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 73 (internal quotation marks omitted).

In evaluating a motion to dismiss, the Court takes the counterclaim's "well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and [determines] if they plausibly narrate a claim for relief." <u>Schatz v. Republican State Leadership Committee</u>, 669 F.3d 50, 55 (1st Cir. 2012). However, "statements in the [counterclaim] that simply offer legal labels and conclusions or merely rehash cause-of-action-elements" must be isolated and ignored. <u>Id</u>. Generally, the Court's review is limited to the allegations contained in the counterclaim. <u>Bose Corp. v. Lightspeed Aviation, Inc.</u>, 691 F. Supp. 2d 275 (D. Mass. 2010).

Defendant contends that Plaintiff's Registration No. 3,970,349 for the trademark "NAVIGATOR" should be cancelled because Plaintiff knowingly made a false

statement/material omission to the United States Patent and Trademark Office ("PTO") in registering the mark. To establish fraud in the procurement of a federal trademark registration, Defendant must plead: "(1) that [Plaintiff] made a false representation to the PTO regarding a material fact; (2) that [Plaintiff] knew that the representation was false; (3) that [Plaintiff] intended to induce the PTO to act in reliance on the misrepresentation; and (4) the PTO was thereby deceived into registering the mark." General Linen Service, Inc. v. General Linen Service Co., Inc., ___ F. Supp. 2d ___, 2014 WL 2605430, at *2 (D.N.H. June 11, 2014) (quoting Colon-Lorenzana v. South American Restaurant Corp., Civil No. 12-1794 (MEL), 2014 WL 1794459, at *3 (D.P.R. May 6, 2014)). The "obligation which the Lanham Act imposes on an applicant is that he [or she] will not make knowingly inaccurate or knowingly misleading statements in the verified declaration forming a part of the application for registration." General Linen Service, Inc., 2014 WL 2605430, at *2 (quoting Society of Accredited Marine Surveyors, Inc. v. Scanlan, No. 01-11877-GAO, 2005 WL 670541, at *4 (D. Mass. March 23, 2005)). "A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof." In re Boss Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009).

As with other fraud claims, fraud in the procurement of a registration must be plead with particularity. General Linen Service, Inc., 2014 WL 2605430. Intent and knowledge, however, may be alleged generally. Orion Seafood International, Inc. v. Supreme Group B.V., No. 11-cv-562-SM, 2012 WL 3765172 (D.N.H. August 29, 2012). The counterclaim must set forth "specific facts that make it reasonable to believe that [Plaintiff] knew that a statement was materially false or misleading." Id. at *2 (internal quotation mark omitted).

### III.  The Counterclaim

Defendant alleges the following:

In September 1990, Plaintiff filed a trademark application with the PTO to register the trademark "NAVIGATOR" for "investment advisory services in the field of stocks and mutual funds[.]" Counterclaim at ¶ 7; Docket # 17. Plaintiff claimed a first use in commerce date of March 10, 1987. Id. In October 1991, the PTO issued Registration No. 1,662,756 based on the application. Id. In March 2009, Plaintiff filed a second trademark application with the PTO to register the mark "NAVIGATOR" for a broader range of services: "investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation, asset allocation services; stock brokerage services." Id. at ¶ 8. Plaintiff claimed a first use in commerce date of at least as early as March 10, 1987. Id. In October 2009, the PTO issued Registration No. 3,698,185 based on the application. Id.

In October 2010, Plaintiff filed a third trademark application with the PTO to register the mark "NAVIGATOR" for an even broader range of services: "[m]utual fund brokerage, distribution, investment; mutual fund services, namely, mutual fund brokerage, mutual fund distribution and the administration and management of mutual funds, financial portfolio solutions, and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services; stock brokerage services." Id. at ¶ 10. Plaintiff claimed a first use in commerce date of April 1, 2002. Id. at ¶ 9.

The October 2010 application included a declaration oath ("declaration") from Camille M. Miller ("Miller"), an attorney for Plaintiff. In the declaration, Miller stated that:

> to the best of . . . her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to

4

cause mistake, or to deceive . . . .

Id. at ¶ 11 (emphasis added).  In May 2011, the PTO issued Registration No. 3,970,349 based on the October 2010 application.  Id. at ¶ 12.  Defendant challenges this registration.

At the time of the October 2010 application, Defendant alleges that Miller and Cozen O'Connor, the law firm employing Miller and representing Plaintiff, knew that Defendant was using and had been continuously using "NAVIGATOR INVESTMENTS" in connection with, at least, financial portfolio solutions and investments; investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, and asset allocation services *since at least 2000.*  Id. at ¶ 13.  Thus, Defendant alleges that Plaintiff, at least through its counsel Miller and Cozen O'Connor, knew that Defendant had legal rights superior to it with respect to the broadened array of services claimed in the October 2010 application because of Defendant's priority of use of the mark before April 1, 2002, Plaintiff's first use in commerce date.  Id. at ¶ 14; see generally Emergency One, Inc. v. American Fire Eagle Engine Co., Inc., 332 F.3d 264, 268 (4th Cir. 2003) (the "first user . . . to appropriate and use a particular mark . . . generally has priority to use the mark to the exclusion of any subsequent . . . users").

When the declaration was signed in October 2010, Plaintiff had already sued Defendant for trademark infringement.  Counterclaim at ¶ 15; see Clark Capital Management Group, Inc. v. Navigator Investments, LLC, Civil Action 06-2334, 2006 WL 2707392 (E.D. Pa. Sept. 19, 2006).  Defendant also alleges that Miller and Cozen O'Connor were aware of Defendant's registered domain name, navigatorinvestments.com.  Counterclaim at ¶ 18.[1]

IV.  Analysis

---

[1]Defendant, however, does not allege when Miller first became aware of Defendant's use of the domain name.

Defendant contends that, at the time Miller made the declaration, she was aware of Defendant's use of "NAVIGATOR INVESTMENTS" prior to April 1, 2002 (the first use in commerce date associated with the October 2010 application) thus, her statement that, to the best of her knowledge, no other entity had the right to use the mark, was fraudulent. The allegations in the counterclaim state with particularity the specific misrepresentation Defendant alleges was false, material, and was relied upon by the PTO. See General Linen Service, Inc., 2014 WL 2605430. In order to recover on the fraudulent procurement claim based on a misrepresentation in the declaration, however, Plaintiff must also show that Miller had a subjective belief that her statement was false.[2] Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. The Florida Priory of the Knights Hospitallers of the Sovereign Order of Saint John of Jerusalem, Knights of Malta, The Ecumenical Order, 702 F.3d 1279, 1290-91 (11th Cir. 2012) (to prove fraud based on a misrepresentation in the declaration, a party must show that the declarant was aware that the other organization was using the mark and that the declarant knew or believed the other organization had a right to use the mark); see also In re Boss Corp., 580 F.3d at 1245 (negligence is not sufficient to infer fraud; a "trademark is obtained fraudulently . . . only if the applicant or registrant knowingly makes a false, material representation with the intent to deceive the PTO"); Marshak v. Treadwell, 240 F.3d 184, 196 (3d Cir. 2001) (holding that the district court's "should have known" instruction was erroneous; to demonstrate registration was fraudulently obtained, proponent must "adduce evidence that the registrant actually knew or believed that someone else had a right to the mark"); United Phosphorus, Ltd.

---

[2]In its papers, Defendant argued that Plaintiff made material omissions and a fraudulent declaration in its registration with the PTO. At the hearing, however, Defendant identified the fraudulent declaration as the basis for its claim.

v. Midland Fumigant, Inc., 205 F.3d 1219, 1227 (10th Cir. 2000) (in determining whether declaration in trademark application was fraudulently made, a court focuses on the "declarant's subjective, honestly held, good faith belief") (internal quotation marks omitted); Society of Accredited Marine Surveyors, Inc., 2005 WL 670541, at *4 (declaration accompanying trademark application is "phrased in terms of the declarant's subjective belief, and there is no fraud as long as the affiant or declarant has an honestly held, good faith belief") (internal quotation marks omitted).

In Sovereign Military Hospitaller, 702 F.3d 1279, a Catholic religious order brought an action against a non-Catholic religious order for, inter alia, trademark infringement.  Id.  Dean Francis Pace ("Pace"), an attorney and member of plaintiff's order, executed the declaration and stated that he believed the plaintiff to be the owner of several marks, that he believed the plaintiff was entitled to use the marks in commerce, and to the best of his knowledge, no other entity had the right to use a similar mark.  Id. at 1286, 1290; Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes and of Malta v. The Florida Priory of the Knights Hospitallers of the Sovereign Order of Saint John of Jerusalem, Knights of Malta, The Ecumenical Order, 816 F. Supp. 2d 1290, 1295 (S.D. Fla. 2011).  The district court found that the plaintiff had committed fraud in procuring the marks.  Sovereign Military Hospitaller, 702 F.3d at 1288.  Specifically, the district court found that the plaintiff was aware of the defendant's existence and use of the marks at the time that the plaintiff filed the trademark application.  Id. at 1289; Sovereign Military Hospitaller, 816 F. Supp. 2d at 1300.  The district court, however, also determined that Pace had no personal knowledge of the existence of the defendant at the time he signed the declaration.  Sovereign Military Hospitaller, 702 F.2d at 1290.

The Eleventh Circuit reversed the district court's fraud finding and held that the plaintiff was "required to establish that Pace was aware other organizations were using the . . . mark . . . and knew or believed those other organizations had a right to use the mark." Id. (internal quotation marks omitted) (emphasis added). "Pace had no awareness that any other organization was using the marks for which [p]laintiff . . . sought federal protection. This fact alone compels reversal of the fraud finding, as Pace could not have intended to deceive the PTO in attesting to an oath the he believed was entirely accurate." Id. at 1291.

Defendant's counterclaim provides only conclusory allegations concerning Miller's subjective knowledge or belief of Defendant's use of the mark prior to April 1, 2002. Thus, the Court cannot say that there is a reasonable basis to believe that Miller knew that her declaration was false when she made it in October 2010. See Orion Seafood International, 2012 WL 3765172.

## V. Conclusion

Plaintiff's motion to dismiss the cancellation counterclaim is granted.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
December 9 , 2014